[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
The plaintiff, Ruben Hoppenstein, M.D. (Hoppenstein), filed this action against David McCarthy (McCarthy), on November 13, 2000. Hoppenstein seeks to collect payment for medical services he rendered to McCarthy in 1995. On April 2, 2001. McCarthy filed his answer, special defense and setoff, recoupment and counterclaim alleging that Hoppenstein was negligent in performing medical services.
Hoppenstein now moves the court to strike McCarthy's counterclaim on the ground that it is legally insufficient because it fails to comply with General Statutes § 52-190a, which requires the filing of a good faith certificate in medical malpractice actions.
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim . . . to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "A motion to strike is the proper method of challenging a party's failure to include . . . a good faith certificate."King v. Sultar, 253 Conn. 429, 449, fn 9, 754 A.2d 782 (2000). McCarthy objects to the motion to strike arguing that New York law controls because the alleged medical malpractice occurred there and that New York law does not require the filing of a good faith certificate at the current stage of proceedings.
"[I]n a choice of law situation the forum state will apply its own procedure. . . ." (Citation omitted.) Paine Webber Jackson Curtis, Inc.v. Winters, 22 Conn. App. 640, 650, 579 A.2d 545, cert. denied,216 Conn. 820, 581 A.2d 1055 (1990) "The local law of the forum governs rules of pleading and the conduct of proceedings in court." 1 Restatement (Second), Conflict of Laws, § 127 (1971). General Statutes § 52-190a is a procedural as opposed to a substantive law.[1] "While there is no precise definition of either substantive or procedural law, it is generally agreed that a substantive law creates, defines and regulates rights while a procedural law prescribes the methods of enforcing such rights or obtaining redress." (Brackets omitted.)Davis v. Forman School, 54 Conn. App. 841, 854, 738 A.2d 697 (1999) In their memoranda, the parties raise issues regarding the statute of limitations and subject matter jurisdiction. These issues are inappropriate to raise on a motion to strike and, therefore, this court will not address them.
Applying Connecticut law, this court grants the plaintiff's motion to strike the defendant's counterclaim for failure to file a good faith certificate pursuant to General Statutes § 52-190a.
____________________ CT Page 10943 MORAN, JUDGE